UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIN WATTS, | No. 2:17-cv-0852 JAM DB P |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis, plaintiff's complaints for screening, and plaintiff's motion for the appointment of counsel. For the reasons set forth below, the court will grant plaintiff's motion to proceed in forma pauperis, dismiss the complaints, give plaintiff leave to file an amended complaint, and deny the motion for the appointment of counsel.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550

U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Analysis**

**A.  Allegations of the Complaints**

Plaintiff has filed three complaints with this court. He appears to be alleging the following claims: excessive force, deliberate indifference to his serious medical needs, and retaliation for the exercise of his First Amendment rights.

////

In his original complaint, plaintiff named the following defendants: California Department of Corrections and Rehabilitation ("CDCR"), State of California, Warden Eric Arnold, Correctional Officer Vicino, Correctional Officer Cortez, Sergeant D. Easterling, and California State Prison – Solano ("CSP-Solano"). Plaintiff stated that on May 1, 2016, he was in an altercation with another inmate and was pepper-sprayed. While defendants Vicino, Cortez, and Easterling were present, the second inmate attacked plaintiff again. These defendants did not try to stop that second attack. Then, defendant Easterling beat plaintiff's legs with a baton. Defendants Cortez and Vicino also beat plaintiff with batons. Plaintiff's knee was broken by a baton blow. His knee required surgery and plaintiff now has chronic knee pain. Plaintiff seeks punitive damages. (ECF No. 1.)

Plaintiff filed a first amended complaint on April 27, 2017. In that complaint, plaintiff identified defendants Dr. Sweeney, Nurse de la Vega, and Dr. Kohler. Plaintiff contends that when he was taken for a medical examination after the altercation in the yard on May 1, 2016, he was first seen by defendants Sweeney and de la Vega. He told them he thought his knee was broken. Sweeney and de la Vega agreed that his knee appeared broken, but they refused to treat plaintiff and sent him to administrative segregation ("ad seg"). After a day and a half, plaintiff went "man down," was rushed to x-ray, and was then taken to an outside hospital for knee surgery. When he returned to the prison, defendant Kohler refused to provide plaintiff adequate pain medication and he was forced to suffer severe pain for eight months. (ECF No. 4.)

On June 9, 2017, plaintiff filed a second amended complaint. Plaintiff names the following correctional officer defendants: Saint Louis, Velasquez, and Medina. Plaintiff contends these officers falsified documents to include plaintiff in a group of inmates that were found in possession of drugs on the yard on June 6, 2016. Plaintiff states that the officers included him in this group, which caused him to be charged with possession of a controlled substance, in retaliation for plaintiff's filing of lawsuits regarding the injuries he suffered on May 1, 2016.

**B. Requirement that all Claims be Stated in One Document**

Initially, the court finds that plaintiff has failed to include all of his claims in one document as required by Local Rule 220. An amended complaint must be complete in itself without

4

reference to any prior pleading. Once plaintiff files an amended complaint, the original pleading is superseded. Based on this standard, this court would only be permitted to consider plaintiff's second amended complaint in which he alleges only a claim of retaliation. However, it is clear to the court that plaintiff wishes to state his Eighth Amendment claims for excessive force and deliberate indifference as well. Plaintiff's complaints will be dismissed and plaintiff will be provided an opportunity to file a third amended complaint that contains all of plaintiff's claims that arise from the injuries he suffered on May 1, 2016.

Below, the court considers whether plaintiff has stated potentially cognizable claims in each complaint. Plaintiff is advised that if he files a third amended complaint, he should carefully consider the court's determinations below. In addition, he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////
////
////
////

**C. Does Plaintiff State Cognizable Claims?**

**1. Original Complaint**

**a. Legal Standards for Eighth Amendment Claim of Excessive Force**

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for excessive force based on a prison official's use of force during a prison disturbance, the plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6 (1992).

However, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9 (citation omitted). That is, "[n]ot every push or shove . . . violates a prisoner's constitutional rights." Id. (citation omitted). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9–10 (citation omitted). Furthermore, "[prison] administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 6 (ellipses in original) (citation omitted).

**b. Analysis of Excessive Force Claim**

Plaintiff contends that while he was lying on the ground, defendants Vicino, Cortez, and Easterling failed to prevent another inmate from attacking plaintiff a second time and then beat plaintiff with batons so severely that it broke his knee, requiring surgery. Plaintiff sufficiently alleges a claim of excessive force against these three defendants. However, plaintiff makes no allegations against defendant Arnold. Warden Arnold is not liable under § 1983 on a theory of supervisory liability. If plaintiff wishes to include Arnold in his third amended complaint, plaintiff must specifically allege what Arnold did, or did not do, that caused him harm in violation of the Constitution. Defendant CSP-Solano is not a proper defendant because § 1983 requires a showing of a violation committed by a "person acting under the color of state law." Finally, the

Eleventh Amendment bars suit against the remaining two defendants, CDCR and the State of California, under § 1983.  See Pennhurst State Sch. & Hospital v. Halderman, 465 U.S. 89, 100 (1984).  CSP-Solano, CDCR, and the State of California will be dismissed from this action.

### 2. First Amended Complaint

#### a. Legal Standards for Claim of Deliberate Indifference

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur.  Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id.

7

at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See <u>Farmer</u>, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. <u>Hutchinson v. United States</u>, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06); see also <u>Toguchi v. Soon Hwang Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); <u>McGuckin</u>, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" <u>Farmer</u>, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. <u>Estelle</u>, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See <u>Hallett v. Morgan</u>, 296 F.3d 732, 745-46 (9th Cir. 2002); <u>Berry v. Bunnell</u>, 39 F.3d 1056, 1057 (9th Cir. 1994); <u>McGuckin</u>, 974 F.2d at 1059; <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335 (9th Cir. 1990); <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 200 (9th Cir. 1989); <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).

////

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### b. Analysis of Deliberate Indifference Claim

Plaintiff contends defendants Sweeney and de la Vega knew that plaintiff's knee may be broken and refused to treat him. This is sufficient to allege an Eighth Amendment claim for deliberate indifference to serious medical needs. Plaintiff alleges defendant Kohler refused to give him adequate pain medication. This allegation is also minimally sufficient to state an Eighth Amendment claim.

### 3. Second Amended Complaint

### a. Legal Standards for First Amendment Retaliation Claim

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted).

Under the first element, plaintiff need not prove that the alleged retaliatory action, in itself, violated a constitutional right. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (to prevail on a retaliation claim, plaintiff need not "establish an independent constitutional interest" was violated); see also Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997) ("[P]risoners may still base retaliation claims on harms that would not raise due process concerns."); Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985) (transfer of prisoner to a different prison constituted adverse action for purposes of retaliation claim). The interest cognizable in a retaliation claim is the right to be free of conditions that would not have been imposed but for the alleged retaliatory motive. However, not every allegedly adverse action is sufficient to support a claim for retaliation under §

1983. <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012) (harm must be "more than minimal"); <u>see also</u> <u>Bell v. Johnson</u>, 308 F.3d 594, 603 (6th Cir. 2002) ("[S]ome adverse actions are so de minimis that they do not give rise to constitutionally cognizable injuries.").

To prove the second element, retaliatory motive, plaintiff must show that his protected activities were a "substantial" or "motivating" factor behind the defendant's challenged conduct. <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting <u>Soranno's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989)). Plaintiff must provide direct or circumstantial evidence of defendant's alleged retaliatory motive; mere speculation is not sufficient. <u>See</u> <u>McCollum v. Cal. Dep't of Corr. and Rehab.</u>, 647 F.3d 870, 882–83 (9th Cir. 2011); <u>accord</u> <u>Wood v. Yordy</u>, 753 F.3d 899, 905 (9th Cir. 2014). In addition to demonstrating defendant's knowledge of plaintiff's protected conduct, circumstantial evidence of motive may include: (1) proximity in time between the protected conduct and the alleged retaliation; (2) defendant's expressed opposition to the protected conduct; and (3) other evidence showing that defendant's reasons for the challenged action were false or pretextual. <u>McCollum</u>, 647 F.3d at 882 (quoting <u>Allen v. Iranon</u>, 283 F.3d 1070, 1077 (9th Cir. 2002)).

The third element includes prisoners' First Amendment right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). While prisoners have no freestanding right to a prison grievance process, see <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003), "a prisoner's fundamental right of access to the courts hinges on his ability to access the prison grievance system," <u>Bradley v. Hall</u>, 64 F.3d 1276, 1279 (9th Cir. 1995), <u>overruled on other grounds by</u> <u>Shaw v. Murphy</u>, 532 U.S. 223, 230 n. 2 (2001). Because filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. <u>Rhodes</u>, 408 F.3d at 567.

Under the fourth element, plaintiff need not demonstrate a "total chilling of his First Amendment rights," only that defendant's challenged conduct "would chill or silence a person of ordinary firmness from future First Amendment activities." <u>Id.</u> at 568–69 (citation and internal quotation marks omitted). Moreover, direct and tangible harm will support a retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First

Amendment rights. Id. at 568 n. 11. "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm" as a retaliatory adverse action. Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 568 n. 11).

Regarding the fifth element, the Ninth Circuit has held that preserving institutional order, discipline, and security are legitimate penological goals that, if they provide the motivation for an official act taken, will defeat a claim of retaliation. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo, 778 F.2d at 532. When considering this final factor, courts should "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." Pratt, 65 F.3d at 807 (quoting Sandin v. Conner, 515 U.S. 472, 482 (1995)). Plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for defendant's challenged conduct. Id. at 806.

### b. Analysis of Retaliation Claim

Plaintiff alleges defendants Saint Louis, Velasquez, and Medina falsely accused him of possessing drugs in June 2016. Based on this false accusation, plaintiff was charged with possessing a controlled substance. Plaintiff contends, without explanation, that this false accusation was made in retaliation for plaintiff's filing of lawsuits based on his injuries suffered on May 1, 2016. As set forth above, to state the second element of a claim for retaliation, plaintiff must make some showing that his protected activities, here filing the lawsuits, were a "substantial" or "motivating" factor behind the defendants' decision to falsely accuse him.

Plaintiff must allege some facts showing defendants had this retaliatory motive; mere speculation is not sufficient. As it is, plaintiff's second amended complaint does not adequately allege a claim of retaliation against defendants Saint Louis, Velasquez, and Medina. If plaintiff wishes to include this retaliation claim in his third amended complaint, he must specifically describe why he feels these defendants were motivated by retaliation when they falsely accused him of possessing drugs.

### MOTION FOR APPOINTMENT OF COUNSEL

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490

U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff seeks the appointment of counsel on the grounds that he is being retaliated against. He also states summarily that his "life was put at risk," and his "property is gone." (ECF No. 10.) Plaintiff does not describe these contentions nor does he explain why an attorney is necessary to remedy them. In the present case, the court does not find the required exceptional circumstances.

**CONCLUSION**

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF Nos. 2, 5) is granted.
2. Defendants CSP-Solano, CDCR, and the State of California are dismissed from this action with prejudice.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Plaintiff's failure to file an amended complaint within the time provided, or otherwise respond to this order, may result in dismissal of this case.
4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

5. Plaintiff's motion for the appointment of counsel (ECF No. 10) is denied.

Dated: October 30, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/watt0852.scrn