UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIN WATTS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0852 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendants used excessive force against him, delayed his access to medical care, and retaliated against him for filing grievances. Presently before the court is plaintiff's third amended complaint for screening. For the reasons set forth below, the court finds plaintiff has stated cognizable Eighth Amendment claims and his First Amendment claim should be dismissed without prejudice for failure to exhaust.

**SCREENING**

**I.　Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more that "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Allegations of the Complaint

Plaintiff states that on May 1, 2016 he was involved in an altercation with another inmate. (ECF No. 19 at 3.) After being pepper sprayed and told to stop fighting, plaintiff walked twenty feet away from the other inmate and laid on the ground. He claims that while he was on the ground officers Vicino, Cortez, and Sergeant Easterling allowed the other inmate to attack him. He further claims that Vicino, Cortez, and Easterling beat him with batons causing his knee to break and requiring surgery.

Plaintiff claims he was then transported to the CTC,[1] where he informed Nurse de la Vega and Dr. Sweeny that his knee was broken. (ECF No. 19 at 4.) He alleges de la Vega and Sweeny observed his broken knee and sent him to administrative segregation instead of to an outside hospital for treatment. Plaintiff claims he was forced to walk on his broken knee for a day and a half before he was transported to an outside hospital for treatment.

Plaintiff alleges claims officers Saint Louis, Velasquez, and Medina falsely accused plaintiff of being found with drugs. (ECF No. 19 at 5.). Plaintiff states that officer Medina is friends with and works the same shift as officers Vicino, Cortez, and Easterling. Additionally, Plaintiff claims Medina falsely accused plaintiff of possessing drugs because plaintiff filed a grievance stating that officers Vicino, Cortez, and Easterling broke his leg.

---

[1] Plaintiff does not specify what CTC stands for, but the undersigned infers from the context that the CTC is a location within the prison facility where inmates receive medical treatment.

3

### III. Does Plaintiff State Cognizable Claims?

#### A. Claim I

##### 1. Legal Standards Eighth Amendment Claim of Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." <u>Clement v. Gomez</u>, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for excessive force based on a prison official's use of force during a prison disturbance, the plaintiff must show that the officer applied the force maliciously and sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. <u>Hudson v. McMillian</u>, 503 U.S. 1, 6 (1992).

However, "[not] every malevolent touch by a prison guard gives rise to a federal cause of action." <u>Id.</u> at 9 (citation omitted). That is, "[n]ot every push or shove . . . violates a prisoner's constitutional rights." <u>Id.</u> (citation omitted). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (citation and quotation omitted). Furthermore, "[prison] administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." <u>Id.</u> at 6 (ellipses in original) (citation omitted).

##### 2. Analysis

Plaintiff has alleged that while he was lying on the ground, defendants Vicino, Cortez, and Easterling failed to prevent another inmate from attacking plaintiff and then beat plaintiff with batons so severely that it broke his knee. Thus, plaintiff has pled sufficient facts to state an excessive force claim against defendants Vicino, Cortez, and Easterling.

#### B. Claim II

##### 1. Legal Standards for Claim of Deliberate Indifference

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986);

4

Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in

5

diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

### 2. Analysis

Plaintiff claims defendants de la Vega and Sweeny observed his broken knee and sent him to administrative segregation without treating him or sending him to an outside hospital for treatment. This is sufficient to state a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

## C. Claim III

### 1. Legal Standards for Retaliation in Violation of the First Amendment

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

### 2. Analysis

Plaintiff states that he did not submit an appeal regarding his claim that officers retaliated against him. (ECF No. 19 at 5.) Under the Prison Litigation Reform Act ("PLRA"), prisoners cannot bring an action regarding prison conditions under § 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because it is clear from the face of the complaint that plaintiff did not exhaust administrative remedies before he filed this claim, the court must dismiss this claim. See Booth v. Churner, 532 U.S. 731, 738 (2001) (A plaintiff is required to exhaust administrative remedies before a § 1983 claim may be entertained); Jones v. Bock, 549 U.S. 199, 219 (2007) (The court must dismiss any unexhausted claim even if the inmate's complaint contains an exhausted claim.).

The PLRA does not require a court to dismiss an entire action if any one claim is not properly exhausted. Jones, 549 U.S. at 219-24. Where, as here, a plaintiff has filed a complaint with both exhausted and unexhausted claims, the Ninth Circuit has found that a "dual rule is appropriate," with the proper treatment depending on the relatedness of the claims. Lira v. Herrera, 427 F.3d 1164, 1175 (9th Cir. 2005).

When the unexhausted claims are not intertwined with the properly exhausted claims, a district court should dismiss the unexhausted claims. Id. When the exhausted and unexhausted claims are closely related and difficult to untangle, dismissal of the complaint with leave to amend to allege only the fully exhausted claims is the proper approach. Id. at 1176.

Here, the claims are not closely related. This claim involves events that occurred approximately one month after the incidents alleged in the other two claims and involve entirely different defendants. Thus, this claim can be easily untangled from the other two claims that plaintiff states are fully exhausted.

Because plaintiff did not exhaust administrative remedies before he filed the complaint, the court must dismiss this claim without prejudice. Vaden, 449 F.3d at 1051 (citing Wyatt v.

7

Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)). If plaintiff wishes to pursue this claim, he must file a new action when, and if, he has exhausted administrative remedies.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has stated cognizable claims for excessive force and deliberate indifference in violation of his Eighth Amendment rights.
2. Service is appropriate for defendants Vicino, Cortez, Easterling, de la Vega, and Sweeney.
3. The Clerk of the Court shall provide to plaintiff a blank summons, a copy of the third amended complaint (ECF No. 19), five USM-285 forms, and instructions for service of process on defendants named above.
4. Within thirty days of the date of service of this order plaintiff shall return the attached Notice of Submission of Documents and submit all of the following documents to the court at the same time:
    a. The completed, signed Notice of Submission of Documents;
    b. The completed summons;
    c. Six copies of the endorsed third amended complaint.
5. Plaintiff shall not attempt to affect service of the complaint on defendant or request a waiver of service of summons from any defendant. Upon receipt of the above described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.
6. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS HEREBY RECOMMENDED that plaintiff's claims for retaliation against defendants Saint Louis, Velasquez, and Medina be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 16, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/watt0852.scrn2