| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| ... | | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIN WATTS,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | No. 2:17-cv-0852 JAM DB P<br><br>ORDER REFERRING CASE TO POST-SCREENING ADR PROJECT AND STAYING CASE FOR 120 DAYS |

Plaintiff is a state prisoner, proceeding without counsel. The U.S. Marshal has accomplished service of process on one defendant.

The undersigned is referring all post-screening civil rights cases filed by pro se state inmates to the Post-Screening ADR (Alternative Dispute Resolution) Project in an effort to resolve such cases more expeditiously and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in this pilot project. No defenses or objections shall be waived by their participation.

As set forth in the screening order, plaintiff has stated a potentially cognizable civil rights claim. Thus, the court stays this action for a period of 120 days to allow the parties to investigate plaintiff's claims, meet and confer, and then participate in a settlement conference.

////

1

There is a presumption that all post-screening prisoner civil rights cases assigned to the undersigned will proceed to settlement conference.[1]  However, if after investigating plaintiff's claims and speaking with plaintiff, and after conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would be a waste of resources, defense counsel may move to opt out of this pilot project.

By filing the attached notice within thirty days, plaintiff shall indicate his preference to appear in person or by videoconference, if available.  Failure to timely file such notice will result in the issuance of a writ for plaintiff's appearance in person.  Once plaintiff has returned the notice or the time for doing so has passed, the court will proceed to schedule the settlement conference.

Once the settlement conference is scheduled, at least seven days prior to the conference, the parties shall submit to the settlement judge a confidential settlement conference statement. The parties' confidential settlement conference statements shall include the following: (a) names and locations of the parties; (b) a short statement of the facts and alleged damages; (c) a short procedural history; (d) an analysis of the risk of liability, including a discussion of the efforts made to investigate the allegations; and (e) a discussion of the efforts that have been made to settle the case.  Defendant shall e-mail the settlement conference statement to the settlement judge's e-mail box for proposed orders, available on the court's website.  Plaintiff shall place his settlement conference statement in the U.S. mail addressed to the settlement conference judge, United States District Court, 501 I Street, Sacramento, CA  95814.  Plaintiff shall mail his settlement conference statement so that it is received by the court at least seven days before the settlement conference.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This action is stayed for 120 days to allow the parties an opportunity to settle their dispute before the discovery process begins.  Except as provided herein or by subsequent court order, no other pleadings or other documents may be filed in this case during the stay of this

---

[1]  If the case does not settle, the court will set a date for the filing of a responsive pleading.

1. action. The parties shall not engage in formal discovery, but the parties may elect to engage in informal discovery.

2. Within thirty days from the date of this order, plaintiff shall file the attached notice informing the court how he wishes to appear at the settlement conference. If plaintiff does not file the notice, the court will issue a writ for plaintiff to appear in person.

3. At least seven days prior to the settlement conference, each party shall submit a confidential settlement conference statement, as described above, to the settlement judge. Defendant shall e-mail the settlement conference statement to the settlement judge's proposed orders e-mail address. Plaintiff shall place his settlement conference statement in the U.S. mail addressed to the settlement judge, United States District Court, 501 I Street, Sacramento, CA 95814. Plaintiff shall mail his settlement conference statement so that it is received by the court at least seven days before the settlement conference.

4. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

5. The Clerk of the Court shall serve copies of (a) plaintiff's complaint (ECF No. 19), (b) the screening order (ECF No. 24), and (c) the instant order, on Supervising Deputy Attorney General Christopher Becker.

6. The parties remain obligated to keep the court informed of their current addresses at all times during the stay and while the action is pending. Any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

Dated: January 18, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/watt0852.adr.post.waiver

3

|  |  |
|---|---|
| KARLIN WATTS, | No. 2:17-cv-0852 JAM DB P |
| Plaintiff, | |
| v. | NOTICE RE: PLAINTIFF'S APPEARANCE AT SETTLEMENT CONFERENCE (POST-SCREENING ADR PROJECT) |
| DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

As required by court order, the plaintiff notifies the court of the following election:

\_\_\_\_\_ Plaintiff would like to participate in the settlement conference in person.

**OR**

\_\_\_\_\_ Plaintiff would like to participate in the settlement conference by video conference.

DATED:

_____
Plaintiff

1