UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLIN WATTS,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | No. 2:17-cv-0852 JAM DB P<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff claims defendants violated his rights under the Eighth Amendment. Presently before the court is defendant's motion to dismiss based on plaintiff's failure to prosecute and failure to comply with the local rules. (ECF No. 45.)

**I.    Background**

The court issued a discovery and scheduling order on May 8, 2019. (ECF No. 41.) Court records reflect that order was returned as undeliverable because the plaintiff was released from prison. (ECF No. 45-1 at 3.) On June 27, 2019, defendants filed a motion for summary judgment (ECF No. 43) and a motion for protective order (ECF No. 44). After plaintiff failed to respond to defendants' motions, the court directed plaintiff to file an opposition or statement of non-opposition to defendants' motion for protective order. (ECF No. 46.) That same day, defendants

1

filed a motion to dismiss. (ECF No. 45.) They argue this action should be dismissed because plaintiff failed to update his address and failed to appear at his duly noticed August 5, 2019 deposition or confer with defense counsel regarding his appearance.

**II.     Legal Standards – Dismissal**

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v. L.A. Cty., 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)). "If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b);

In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Ferdik, 963 F.2d at 1260-61. The factors provide guidance to the court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Pheylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

**III.    Discussion**

The expeditious resolution of this action and the court's need to manage its docket weigh in favor of dismissal. Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); In re PPA, 460 F.3d at 1227 (quoting Ferdick, 963 F.2d at 1261) ("'It is incumbent upon us to preserve the district courts' power to manage their dockets' without being subject to endless non-compliance with case management orders."). While the "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 991). "[D]elay inherently increases the risk that witness' memories will fade and evidence will become stale." Pagtalunan, 291 F.3d at 643. Thus, the risk of

prejudice to defendants weighs in favor of dismissal.  Additionally, because the court is unable to communicate with plaintiff, the court has no other reasonable alternative to address plaintiff's failure to inform the court of his address and his failure to respond to the court's order and prosecute this case.  <u>See</u> <u>In re PPA</u>, 460 F.3d at 1228-29; <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988).

Public policy favors disposition of cases on the merits.  <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998).  However, the other four factors weigh in favor of dismissal.  Moreover, it appears that plaintiff has failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change.  Court orders issued in May and August were served on plaintiff's address of record and returned by the postal service.  (ECF Nos. 41, 46.)  Based on plaintiff's failure to update his address and his failure appear at or communicate with defendants about his deposition, the court can only conclude that plaintiff has lost interest in prosecuting this action.  Accordingly, the court will recommend that this action be dismissed based on plaintiff's failure to prosecute and failure to comply with the local rules.

**IV.    Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 45) be granted based on plaintiff's failure to prosecute as well as his failure to comply with court orders and the local rules.  <u>See</u> Fed. R. Civ. P. 41(b); Local Rules 110, 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the

////

////

////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/watt0852.f&r.dism